**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSHUA I. PAYNE,** | : |
| | : **CIVIL ACTION NO. 1:22-CV-1517** |
| **Plaintiff,** | : **(JUDGE MARIANI)** |
| | : **(Magistrate Judge Carlson)** |
| **v.** | : |
| | : |
| **BRAD RITCHEY, et al.,** | : |
| | : |
| **Defendants.** | : |

**<u>ORDER</u>**

**AND NOW, THIS** 29th **DAY OF JUNE 2023,** upon de novo review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 30), Plaintiff's objections (Doc. 31), and all other relevant documents, **IT IS HEREBY ORDERED THAT**:

1. The R&R is **ADOPTED IN PART**.
   a. The R&R is adopted as to Plaintiff's retaliation and conspiracy claims.
   b. The Court concludes that Plaintiff's procedural due process claim against Defendant Ritchey goes forward because Defendants have not shown that Plaintiff has not pled a plausible claim. Plaintiff alleges that he did not have a proper hearing on a misconduct that was issued by Defendant Corrections Officer Timpe in retaliation for filing a grievance after Plaintiff was denied yard time on July 18, 2022. (See Doc. 7 ¶¶ 8-31.) Plaintiff further alleges the

following: the reason for the denial of yard time provided by Defendant Timpe was that Plaintiff did not stand count, an allegation which Plaintiff denies (*id.* ¶ 11); Defendant TImpe said Plaintiff was getting a misconduct for not standing count "since you like to file grievances on us" (*id.* ¶ 15); Defendant Unit Manager Ritchey came to Plaintiff's cell door on July 25, 2022, to conduct an informal resolution for the misconduct based on not standing count (*id.* ¶ 18); Plaintiff told Defendant Ritchey that the misconduct was falsified and he never received a misconduct for not standing count on July 19, 2022 (*id.* ¶¶ 18-19); and Defendant Ritchey stated "Payne, look, I don't care if you received an [sic] copy of the DC-141 or not I'm just here to take you're [sic] commissary for (14) fourteen days so just suck it up and stop filing grievances" (*id.* ¶ 20). These allegations state a plausible claim pursuant to *Smith v. Messinger*, 293 F.3d 641 (3d Cir. 2002), where the Circuit Court held that "[p]rison disciplinary proceedings may ... constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." *Id.* at 653. Such a procedural due process claim requires threshold proof of constitutionally protected conduct, *id.* (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)); *see also Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000), a requirement which is satisfied here because an inmate engages in protective

conduct when he files a grievance, *Barr v. Williamson*, 348 F. App'x 769, 774 (3d Cir. 2009) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *see also Mearin v. Vidonish*, 340 F. App'x 102 (3d Cir. 2011) (citing *Millhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981)). However, even if the discipline is initiated in retaliation for a protected act, due process is satisfied where the plaintiff has an opportunity to confront and challenge the retaliatory misconduct report. *See Smith*, 293 F.3d at 653-54. Here, Defendants do not address the procedural due process claim in this context but rather assert that Plaintiff has not established a constitutional violation based on an internal DOC policy or the right to make commissary purchases. (Doc. 22 at 5.) Further, Plaintiff's filings do not provide sufficient details about the informal process which resulted in Defendant Ritchey sanctioning Plaintiff with loss of commissary privileges for fourteen days for the Court to determine whether Plaintiff had a sufficient opportunity to confront and challenge the misconduct report. (*See* Doc. 7 ¶¶ 18-19; Doc. 23 at 2-3; Doc. 31 at 1-2.) Therefore, the Court concludes that Plaintiff's procedural due process claim against Defendant Ritchey properly goes forward.

2. Plaintiff's retaliation claim against Defendant Timpe **is DISMISSED WITH PREJUDICE**.[1]
3. Plaintiff's conspiracy claim is **DISMISSED WITHOUT PREJUDICE**.[2]
4. Plaintiff's Procedural Due Process claim against Defendant Ritchey and First Amendment Retaliation claim against Defendant Ritchey and Defendant Doe go forward.[3]
5. Plaintiff may file an amended complaint consistent with this Order within twenty-eight (28) days of the date of this Order.
6. The above-captioned action is remanded to Magistrate Judge Carlson for further pretrial handling.

Robert D. Mariani
United States District Judge

---

[1] Dismissal of Plaintiff's First Amendment Retaliation claim against Defendant Timpe fails because the isolated denial of exercise privileges is not an action that was "sufficient to deter a person of ordinary firmness from exercising his rights protected by the First and Fourteenth Amendments." (Doc. 30 at 17 (citing *Burgos v. Canino*, 358 F. App'x 302, 307 (3d Cir. 2009)).) With this basis for dismissal, leave to amend would be futile.

[2] Plaintiff's Amended Complaint (Doc. 7) does not satisfy the pleading requirements for a conspiracy claim. (See Doc. 30 at 20.) However, the Court cannot say with certainty that amendment of this claim would be futile, particularly since Defendants' futility assertion is based on the premise that Plaintiff did not suffer a deprivation of his constitutional rights (Doc. 22 at 6-7) and the Court has concluded that he has stated a plausible claim for First and Fourteenth Amendment violations.

[3] Plaintiff names John Doe as a Defendant in this case and lists him as a Defendant in his First Amendment retaliation and conspiracy claims. (*See* Doc. 7 at 5.) Moving Defendants note that Defendant John Doe remains unidentified and is thus not represented by counsel representing Timpe and Ritchey. (Doc. 22 at 1 n.1.)